Travelers Property Casualty at Home Good morning, Ms. Griffin. You have two minutes reserved for rebuttal, and you can begin whenever you're ready. May it please the Court, my name is Dr. W. A. Griffin. I am the appellant in this matter. I'm here today because the district court dismissed my case based on a fundamental misreading of my insurance contract. Under Georgia law, which governs this diversity case, a court must enforce a contract exactly as it's written. The district court essentially performed a judicial rewrite of my policy from the bench. It ignored the definition of insured, that included members, sole proprietorships, and individuals that owned at least 20 percent of their company. And it ignored the 1,000-foot coverage rates. I'm asking this court to vacate that decision and hold these big-time insurers to the plain language of the agreements that they actually drafted. The first error involves my standing. The district court ruled that I was a stranger to the policy. But if you actually look at the appellee's volume one supplemental appendix at page 25, I have to reference the appellees, because they actually did a much better job than me and my papers are not numbered that great. But if you actually flip over to volume one of the appellee's appendix on page 25, it talks about insured persons. And it, you know, throughout that whole 200 pages, it's kind of confusing. But it gives a definition on page 25 of insured person. It says an insured person for a sole proprietorship, the individual who is the sole proprietor of the named insurer shown in the declarations. I would fall as an insured under this category. It also talks about individuals that are at least 20 percent ownership of their businesses. They are classified as insurers also. And so I meet a lot of the various requirements for insured throughout the 200 and some page document submitted by the appellees. So by dismissing my claim for lack of standing, the lower court efficiently deleted the word insured from my policy. As a pro se litigant, I am simply asking this court to apply the definitions found within the four corners of the document. I am not a third party. I am the very person the policy was written to protect. Dr. Griffin. Yes. I have a question. Let's assume we agree with you that you're correct that the insurance policy covered you and you could sue in your name because you're the owner of the company. What is the property damage that you're claiming you incurred that's covered by the policy? Yes, Your Honor. I can certainly answer that with great specificity. Within my office corridor, actually let's start with the policy itself. If you look at the appellees, again, because the appellees' paperwork is much better than mine. If you look at the volume one supplemental appendix page 78, it talks about signage. And so the issue I have is that in my office corridor where I enter every day and where my patients enter every day, hidden cameras were found. Within four exit signs, there were a total of eight of them. A police report was filed. Video footage of my encounter with the police was submitted as evidence to the insured. And so they have video footage. And also I submitted a video where you can see actually the wiring to the hidden cameras there. And so my policy basically has a clause specific for signs that says on page 78 of that supplemental appendix that if you are a tenant, a limit of assurance is shown in the declarations for businesses' personal property. You own or are contractually obligated to repair or replace outdoor signs. At the premises described, you may extend insurance to apply to direct physical loss or damage to the outdoor signs attached to the building or within 1,000 feet of the described premises. And I allege specifically that the signages that had hidden cameras installed were altered, basically altered my exit signs. They were located within 1,000 feet. And that was alleged in my complaint. Defendants stated that there was no damage per se. But an alteration of exit signs is, in fact, damage. It's an alteration that didn't exist prior. And this caused a large problem. You weren't seeking damages from the signs. You were seeking damages beyond that, right? You're saying you're only seeking damages to replace the signs. Is that what you're saying or no? Well, basically, with the police report, along with that, there were many security incidents reported throughout the year. And so it was just very unsafe for my patients to have cameras on them. And they had no knowledge. My staff, my employees had cameras on them every day. I'm saying the claim that you're making to the insurance company was to repair the signs. That was the claim? No, business interruption insurance. I immediately vacated the premises. That's a loss abuse claim, right? Well, the claim was for business interruption loss expenses from, you know, having to quit working and things like that. So I filed the claim for business interruption, and I needed to get reimbursed for my expenses. And so that's where we are right now with this. All right, let's hear from them, and you have two minutes to respond.   Good morning, Your Honors, and may it please the Court. My name is Jonathan Small. I represent the Appalese. The district court correctly dismissed the amended complaint on multiple grounds. I'll start with the issue of standing, which was raised by the appellant. Georgia law is clear that members of a limited liability company lack standing to assert claims on behalf of the LLC solely by virtue of their membership status. This is stated in the case law cited in our brief. It's also expressly stated by statute in Section — that she was defined as an insured person. Sure. And, in fact, the district court addressed that issue directly. The insurance policy at issue here has multiple coverage parts to it. The coverage under which the insured seeks coverage is a property insurance coverage. As she mentioned, it has an extension that's applicable to business interruption or business income loss. The provisions that the appellant is referring to come from the commercial general liability, a totally separate part, has a different definition of who is an insured. Liability coverage is the type of coverage that defends or indemnifies you against a lawsuit. We're talking here about a first — excuse me — a first-party commercial property policy. That is issued to an insured. Here the named insured is the Dermatology Boutique LLC. That's the only named insured. And so the district court drew that distinction, found it significant. Other courts have found that distinction. Under Rule 17, the Federal Rules of Civil Procedure, should Ms. Griffin have been afforded the opportunity to substitute herself for the LLC in this situation? She was, I believe, Your Honor. So this was an issue that was raised — this decux was raised at the outset. It was without — it wasn't without prejudice to allow her to substitute herself. So I'm wondering, to substitute the LLC. Sure, Your Honor. So the original complaint, we filed a motion to dismiss, and we raised this argument. And so the appellant had the opportunity at that point to amend the complaint in the only cognizable way that she could by refiling it or amending it to add the LLC as the plaintiff. She didn't do so. Instead, in her amended complaint, she again sued solely in her individual name and instead raised certain arguments about — that she does here as well about why that was appropriate. And so I think she did have the opportunity to secure that defect and elected not to. But the district court didn't indicate that the dismissal as to the LLC was without prejudice, right? So if she doesn't have standing, she's not an attorney, I don't think, so she could have a lawyer break a claim on behalf of the LLC in the future, right? Well, I think that — If they dismiss for lack of standing in this situation, it should always be without prejudice, right? I'm not sure, Your Honor. So I understand your question correctly. Is any time a party is dismissed for lack of standing that that's — Not any time. In this type of situation where she can't assert the claim on behalf of the LLC, right? That should be without prejudice to someone who can raise that claim on behalf of the LLC bringing that claim in the future. That's pretty basic, right? Well, I think, Your Honor, that — And I'm sorry if I'm not interpreting your question correctly. I think that the district court's order with regard to standing would apply to Dr. Griffin, the appellant here. I'm not — Yeah, she can't bring a claim on behalf of the LLC. My only point, in case I'm not being clear, is that the LLC still has a claim that someone, a lawyer, can bring on behalf of the LLC, right? I'm not sure if, based on the district court's decision, it would be collaterally estopped. There would be a res judicata reason for it.  Yeah, go ahead. Why would she be collaterally estopped? Well, there were — In 1783, wouldn't she be allowed to hire an attorney to bring a proper claimant under the LLC? Well, I think that there were multiple grounds for the court's dismissal. So I think that the alternative grounds would potentially provide a basis for application and precluding a subsequent lawsuit. So you're not suggesting, then, in answer to Judge Bianco's question, that she couldn't bring a claim — well, she could hire someone to bring a claim on behalf of the LLC as the proper party? I'm not sure that she — I'm not sure if — But what you're saying is it would be fruitless if the court correctly decided the case on the merits. Is that what you're trying to say? That's exactly what I'm trying to say, Your Honor. Thank you. All right. No other questions? Thanks. All right. Thank you, Your Honor. All right. Dr. Griffin, you have two minutes to respond. Thank you, Your Honor. Again, the Appellee's position is not supported by the contract. Again, if you look at the Appellee's Volume I Appendix, page 25, that is for the property damage. That is not for the commercial liability insurance. It expressly defines who an insured person is. It says, an insured person means for sole proprietorships, the individual who is the sole proprietor of the named insured shown in the declarations. Dermatology boutique is the name insured that's found in the declarations. This particular line expressly states that the individual who is the sole proprietor is insurable under the policy. So this particular definition in the policy conflicts with what the Appellee's argument is. Based on the black and white print here, I am allowed to sue because I am the sole proprietor of the business. I am a single member LLC, and I am 100% based on this document, their document that they drafted, I am able to sue as I did. All right. Thank you. Thank you both. We'll reserve the decision. Appreciate you coming in today.